**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 22-1907**

MOISES CRUZ CRUZ,

> Petitioner,

v.

PAMELA JO BONDI, Attorney General,

> Respondent.

On Remand from the Supreme Court of the United States.  (S. Ct. No. 23-538)

Submitted:  June 9, 2025                                  Decided:  June 18, 2025

Before THACKER and HEYTENS, Circuit Judges, and KEENAN, Senior Circuit Judge.

Petition denied by unpublished per curiam opinion.

**ON BRIEF:** Alberto Benítez, The Jacob Burns Community Legal Clinics, THE GEORGE WASHINGTON UNIVERSITY, Washington, D.C., for Petitioner.  Brian M. Boynton, Principal Deputy Assistant Attorney General, Melissa K. Lott, Senior Litigation Counsel, William C. Minick, Senior Trial Attorney, Office of Immigration Litigation, UNITED STATES DEPARTMENT OF JUSTICE, Washington, D.C., for Respondent.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Moises Cruz Cruz ("Cruz"), a native and citizen of Mexico, petitions for review of the August 3, 2022, decision of the Board of Immigration Appeals (the "Board") dismissing his appeal from the Immigration Judge's June 10, 2019, decision denying Cruz's application for cancellation of removal and ordering him removed to Mexico. We previously denied Cruz's petition for review after concluding the Board correctly determined that Cruz was ineligible for cancellation of removal because he had been convicted of a crime involving moral turpitude (or "CIMT"), that is, falsely identifying himself to a law enforcement officer, in violation of Va. Code Ann. § 19.2-82.1 (2006). *Cruz v. Garland*, No. 22-1907, 2023 WL 4118011, at *5 (4th Cir. June 22, 2023).

Cruz petitioned the United States Supreme Court for a writ of certiorari, and the Supreme Court granted Cruz's petition, vacated our judgment, and remanded for further consideration in light of *Loper Bright Enterprises v. Raimondo*, 603 U.S. 369, 413 (2024) (overruling *Chevron, U.S.A., Inc. v. Nat. Res. Def. Council, Inc.*, 467 U.S. 837 (1984), and holding that a court "may not defer to an agency interpretation of the law simply because a statute is ambiguous"). *Cruz v. Garland*, 144 S. Ct. 2706 (2024).

After the Supreme Court remanded Cruz's case to us, we considered in another case the impact of *Loper Bright Enterprises* on our framework for assessing whether a state offense constitutes a CIMT. *Chavez v. Bondi*, 134 F.4th 207, 212-13 (4th Cir. 2025). And in that case, we generally reaffirmed that framework. *Id.* We also acknowledged that, while the Board's precedential decisions no longer get deference under *Chevron*, they may be entitled to respect under *Skidmore v. Swift & Co.*, 323 U.S. 134 (1944). *Id.* at 220-21.

2

Having reviewed Cruz's case in light of the Supreme Court's decision in *Loper Bright Enterprises* and our decision in *Chavez*, we are satisfied that Cruz's petition for review must again be denied. To be sure, our prior decision afforded *Chevron* deference to certain published decisions of the Board interpreting "moral turpitude," and *Loper Bright Enterprises* generally forbids such deference.[*] *Cruz*, 2023 WL 4118011, at *2-3. But we conclude that those Board precedents are still entitled to respect under *Skidmore* and, based on that conclusion, we adhere to our bottom-line holding that a violation of Va. Code Ann. § 19.2-82.1 is a CIMT. *See Chavez*, 134 F.4th at 221 ("The Supreme Court in *Loper Bright* [*Enterprises*] may have instructed us to review agency interpretation with a keener eye, but it didn't write off respect for settled, consistent, and persuasive precedents.").

Accordingly, we deny Cruz's petition for review. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*PETITION DENIED*

---

[*] Our prior decision did not afford deference to the Board on the issue of whether a violation of Va. Code Ann. § 19.2-82.1 "necessarily involves morally turpitudinous conduct." *Cruz*, 2023 WL 4118011, at *2 (internal quotation marks omitted).